## KAYAN
### v.
### WATSON, Com'r of Patents.
#### Civ. A. No. 1731–52.

United States District Court
District of Columbia.
Dec. 16, 1953.

Clarence M. Fisher, W. B. Morton, Washington, D. C., for plaintiff.

E. L. Reynolds, Sol., Patent Office, Washington, D. C., for defendant.

McLAUGHLIN, District Judge.

The application in this suit under R.S. 4915–35 U.S.C. 63 [1952 Revision 35 U.S.C. §§ 145, 146] involves a network analyzer for use in laying out water supply systems using a network of mains for the supply of water to a community. The method described in the application, as in the case of the method described in the Camp and Hazen article, relied on by the Patent Office as an anticipation, simulates a pipe line network by an electrical resistance network.

The application accomplishes the adjustment of resistance values in the various branch circuits automatically and simultaneously. The adjustment of said resistance values in the Camp and Hazen reference is accomplished by manual adjustment of resistance in each branch, necessitating re-checking of all other branches to ascertain how the flow therein has been affected. Thus the distinction between the accomplishment of the application and that of the reference is that the former is automatic and simultaneous while the latter is brought about by individual successive manual adjustments.

The Patent Office denied the claims involving the above element on the basis of prior art techniques taught in the Camp and Hazen article in 1934, the Patent Office contending, in effect, that the application teaches merely a supplanting of the manual operation, taught in the Camp and Hazen article (the successive adjustments), with a mechanism. Furthermore, the Patent Office contends as a basis for rejection of the application, that it was not a matter of invention to do the adjusting of the resistances mechanically, involving the use of a servo-mechanism rather than by hand, in view of the disclosures in the Midworth and Woodrow patents.

The Court is not persuaded that the references justify the rejection of the application.

The method of network analysis resulting from the operations of the apparatus described in the Camp and Hazen article in which an electric resistance network is used in simulation

of a pipe line network relied upon herein by the Patent Office as an anticipation does not, in the Court's view, cause the method set out in the applicant's claims to be unpatentable. Upon a consideration of the evidence this Court concludes that the portions of the application denied by the Patent Office present claims involving a novel method of flow network analyzation which is patentable. In the Court's opinion the fact that old elements enter into the combination involved in the claims does not vitiate said claims. Testimony in the record in the Court's opinion, supports the conclusion that the end attained through the use of applicant's method is one long sought after. As stated in Levin v. Coe, 76 U.S.App.D.C. 347, 132 F.2d 589, 596, " * * * satisfaction by a method or device of an old and recognized want is highly persuasive of invention. * * * " The use of old elements in conjunction with new is not a bar to patentability where the joint use results in a new and novel combination. Broderson v. Marzall, 90 U.S.App.D.C. 78, 194 F.2d 138. The references involved in the Midworth and Woodrow patents, as this Court interprets them, do not justify the rejection of the application. The effect sought to be produced by the Woodrow patent, to wit the production, through adjustment of a transformer, of the alteration of ratio between high and low voltage is, in the Court's opinion, non-analogous as foreign to the effect sought in the herein application. The operation of the Midworth patent also appears to lack analogy herein since, unlike the method involved in applicant's claim, it is designed to produce, through a master circuit connecting all local circuits, a change in flow equally affecting all local circuits, while under the applicant's method each separate branch of the network is affected only by the current flowing in that particular branch.

Nor does the Court adopt the contention advanced by the defendant that since a "network" may consist of only two paths, the claim of advantageous use of applicant's method to simultaneous and automatic adjustment falls except as qualified by limitations as to the more widespread effect which would be accomplished if a much larger number of paths than two were involved. The Court does not believe that the rule relied upon by defendant, to the effect that limitations in a claim may not be relied upon to establish patentability of said claim over the prior art, is subject to such narrow and unrealistic application. The Court feels that the reference in the claims to the practical uses to which the method involved in the application will be put in connection with a community water supply through a network of numerous inter-connecting pipe-line branches should not be disregarded as a limitation, but rather, in the circumstances, should be regarded as a vital part of said claims. Hall v. Shimadzu, 59 F.2d 225, 19 C.C.P.A., Patents, 1288, and cases cited therein.

The Court finds and holds that the applicant is entitled to receive a patent for his invention as specified in the claims involved herein.

Counsel will prepare tentative findings of fact and submit appropriate order.